**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JOSE ALFREDO JIMENEZ GOMEZ,

       Petitioners,

       v.

DHS, *et al.*,

       Respondents.

Case No. 2:26-cv-00922-RFB-DJA

**ORDER TO SHOW CAUSE**

Petitioner Jose Alfredo Jimenez Gomez, an immigration detainee, has filed a counseled Petition for a Writ of Habeas Corpus (ECF No. 1) and a motion for a temporary restraining order (ECF No. 2). Through the Petition, he challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Federal Respondents. The Court has reviewed the Petition and preliminarily finds Petitioner can likely demonstrate that his circumstances warrant the same relief as this Court ordered for Petitioners Mena-Vargas and Reyes-Lopez in Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025) (No. 25).

Therefore, Respondents are **ORDERED TO SHOW CAUSE** why the Writ should not be granted. See 28 U.S.C. § 2243. Respondents shall file, in writing, a **(i) notice of appearance** and **(ii) "a return certifying the true cause of detention"** on or before **April 1, 2026.** See id. Petitioner may file a traverse on or before **April 3, 2026**.

**IT IS FURTHER ORDERED** the Parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the Petition. The Court is amenable to ruling on the papers if the Parties indicate that they are willing to waive a hearing. If Respondents do not plan to offer new arguments—*i.e.*, arguments which have not been addressed by this Court—they

may: indicate as much, reference their previous briefing, and reserve their appellate rights. They may not, however, incorporate briefing in a manner that would circumvent the page limits under LSR 3-2 without leave. Respondents should file any referenced briefing as an attachment for Petitioner's Counsel's review.

Additionally, the Court finds Petitioner has established a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of Petitioner is necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require'") (citing 28 U.S.C. § 2243). Accordingly, pursuant to Rule 6 of the Rules Governing § 2254 Cases—which the Court, in its discretion, applies to this § 2241 matter, see § 2254 Rule 1(b)—the Court finds good cause to order Federal Respondents to produce relevant documents in their possession, custody, or control.

Therefore, **IT IS HEREBY ORDERED** Federal Respondents must file the following documents with their Return: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) Form I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in Petitioner's removal proceedings; (6) documents reflecting any appeal of any immigration court orders by Department of Homeland Security or Petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings. Alternatively, Federal Respondents must **CERTIFY** in their Return that any of the listed documents are not in their possession, custody, or control.

**IT IS FURTHER ORDERED** Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** the Parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

**IT IS FURTHER ORDERED** the Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must

certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

To preserve this Court's jurisdiction over the pending § 2241 Petition, **IT IS FURTHER ORDERED** that Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is **GRANTED.** Respondents shall not transfer Petitioner to a detention center outside of this judicial district, pending further order of the Court. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdicitons"); F.T.C. v. Dean Foods Co., 384 U.S. 597, 601 (1966) (emphasizing that federal courts have the power "to preserve the court's jurisdiction or maintain the *status quo* by injunction pending review of an agency's action"); see also Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). The Court finds Petitioner's removal from the United States District of Nevada, or more broadly, the United States, could interfere with the Court's jurisdiction over his claims and with the Court's ability to expeditiously resolve the Petition. The Court thus finds this Order is warranted to maintain the *status quo* pending this Court's review of the Petition.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly instructed to:

1. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party. Pursuant to the District of Nevada's General Order 2026-03 (Feb 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

2. **ADD** Counsel for Respondent John Mattos at ahesman@strucklove.com to the docket. Then, **SEND** them a copy of the Petition (ECF No. 1), Motion (ECF No. 2), attachments (ECF No. 1-1, 1-2), and this Order through CM/ECF.

3. **MAIL** a copy of the Petition (ECF No. 1), Motion (ECF No. 2), attachments (ECF No. 1-1, 1-2), and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to

Respondent John Mattos at Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

Pursuant to Federal Rule of Civil Procedure 25(d), **IT IS HEREBY ORDERED** Secretary of Homeland Security Markwayne Mullin is substituted for currently named Respondent Kristi Noem. The Clerk of Court is kindly instructed to update the docket accordingly.

**DATED:** March 27, 2026

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**